# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **YOHNUS ADAM MICHAEL CAMERON,** | Case No. 1:25-cv-196 |
| Petitioner, | Judge Matthew W. McFarland |
| vs. | Chief Magistrate Judge Stephanie K. Bowman |
| **ANGELA STUFF, WARDEN, RICHMOND CORRECTIONAL INSTITUTION,** | |
| Respondent. | |

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Richmond Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the undersigned Magistrate Judge for consideration of Petitioner's Motion to Proceed to Judgment. (Doc. 14). For the reasons set forth below, it is **RECOMMENDED** that Petitioner's motion **be DENIED**.

In this case, Petitioner challenges a criminal judgment issued by the Butler County Court of Common Pleas against him in 2014 upon his guilty pleas to two first degree felony counts of rape, Case No. CR2013-09-1520. (Doc. 1, at 1-2). After issuing an order directing Petitioner to show cause why this Petition should not be dismissed without prejudice for the failure to exhaust state remedies (Doc. 6), the Undersigned ultimately ordered Respondent to respond to the Petition within 60 days (Doc. 8). Respondent complied with a Return of Writ filed on August 11,

2025. (Doc. 12). Petitioner has filed several pleadings, some responsive and others not, that are not before the Court at this time and will be addressed at a later date. (Doc. Nos. 10, 13, and 15).

At issue is Petitioner's Motion to Proceed to Judgment (Doc. 14), wherein Petitioner appears to move the Court to enter judgment against Respondent, due to Respondent's failure to timely comply with the Doc. 8 Order for Answer. (Doc. 14, at 496). Respondent counters that Petitioner is mistaken. (Doc. 16, at 524). Respondent is correct.

The Undersigned gave Respondent 60 days from its June 12, 2025, Order to file an answer to the Petition and relevant portions of the state court record. (Doc. 8, at 34). Respondent filed state-court record exhibits on August 8, 2025 (Doc. 11), and the Return of Writ (Answer) on August 11, 2025 (Doc. 12). Sixty days from June 12, 2025, is, as Respondent points out, August 11, 2026. And that is the date the Return of Writ was filed. It was not untimely.

Accordingly, it is **RECOMMENDED** that Petitioner's Motion to Proceed to Judgment (Doc. 14) is **be DENIED**.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum on law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

February 5, 2026                                   *s/Stephanie K. Bowman*
                                                                Stephanie K. Bowman
                                                                 United States Chief Magistrate Judge