**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **YOHNUS ADAM MICHAEL CAMERON,** | : | **Case No. 1:25-cv-196** |
| **Petitioner,** | : | **Judge Matthew W. McFarland** |
| **vs.** | : | **Chief Magistrate Judge Stephanie K. Bowman** |
| **ANGELA STUFF, WARDEN, RICHMOND CORRECTIONAL INSTITUTION,** | : | |
| **Respondent.** | | |

**REPORT AND RECOMMENDATIONS**

Petitioner, Yohnus Adam Michael Cameron, an inmate in state custody at the Richland Correctional Institution, has pending before this Court a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. This matter is before the Court upon the Petition (Doc. 1), the state court record (Doc. 11), Respondent's Return of Writ (Doc. 12), and Petitioner's Traverse (Doc. 13). For the following reasons, it is **RECOMMENDED** that Petitioner's claims be **DENIED** and this action **DISMISSED with prejudice**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner challenges his Butler County conviction and sentence, following guilty pleas, for two counts of rape in violation of R.C. § 2907.02(A)(1)(b). During the plea colloquy, the prosecutor read the following facts into the record:

> Yes, Your Honor. As to Count I, on or about May 1, 2013 through August 23, 2013, more specifically, between July 1, 2013 and July 31st, 2013, in Butler County, Ohio, the Defendant did engage in sexual conduct of another who was

> not the spouse of the offender, and when the other person is less than 13 years of age, whether or not the offender knows the age of the other person. More specifically, the Defendant engaged in vaginal intercourse with S.G., a female, age 12, date of birth [redacted], thus, constituting the offense of rape, a first-degree felony.
>
> As to Count II, on or about the – May 1, 2013 through August 23, 2013, more specifically, between August 1 to August 23, 2013, in Butler County, Ohio, the Defendant did engage in sexual conduct with another who is not the spouse of the offender, and when the other person is less than 13 years of age, whether or not the offender knows the age of the other person. Again, the Defendant engaged in vaginal intercourse with S.G. a female, age 12, DOB [redacted], thus, constituting the offense of rape, a first-degree felony.

(Doc. 11-1, at 418-19).

The Butler County grand jury indicted Petitioner on October 23, 2013, on four counts of rape of a person less than thirteen years of age in violation of R.C. § 2907.02(A)(1)(b). (Doc. 11, at 96-99). On February 13, 2014, Petitioner pleaded guilty to counts one and two. (*Id*. at 100). On March 26, 2014, the trial court issued a judgment sentencing Petitioner to two prison terms of 10 years to life, to be served consecutively. (*Id*. at 102-03).

**Direct Appeal**

Proceeding *pro se*, Petitioner on July 11, 2014, filed a Notice of Appeal (*id*. at 104-05) and a Motion for Leave to File a Delayed Appeal (*id*. at 108-10). On September 18, 2014, the Ohio Court of Appeals of Butler County issued an entry granting Petitioner's motion and appointing appellate counsel for Petitioner. (*Id*. at 112). Counsel filed an *Anders*[1]brief on

[1] In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court outlined the proper procedure for appellate counsel to follow when, in counsel's opinion, there is no merit to the accused-client's appeal. Specifically: (1) counsel may request permission to withdraw after a conscientious examination of the case if she finds the case "wholly frivolous," but counsel must file a brief alongside that request referring to anything in the record that might arguably support the appeal; (2) the defendant must be provided with counsel's brief and allowed time to raise any points he chooses to; and (3) the court must then do its own investigation to determine whether

November 10, 2014, challenging "the length of sentence and consecutive sentences, including the biological impossibility of serving two consecutive life sentences[,]" and then requesting "permission to withdraw as counsel for appellant on the basis that the appeal appears to be frivolous." (*Id*. at 113, 116-17). The state elected not to file a response (*id*. at 123), and on February 2, 2015, the state appellate court issued a judgment entry granting appellate counsel's request to withdraw and dismissing Petitioner's appeal as "wholly frivolous." (*Id*. at 125-27).

Petitioner filed a *pro se* Notice of Appeal and Motion for Leave to File a Delayed Appeal in the Supreme Court of Ohio on February 24, 2025—ten years after the appellate court's decision affirming the judgment against him. (*Id*. at 128, 131). Petitioner alleged that the trial court exhibited bias and prejudice and that Petitioner's plea was coerced. (*Id*. at 132-33). The Supreme Court of Ohio denied Petitioner's motion and dismissed the appeal on April 15, 2025. (*Id*. at 149).

**Application to Reopen Direct Appeal**

It appears that, ten years prior to seeking a delayed direct appeal to the Supreme Court of Ohio, Petitioner on September 15, 2015, filed an untimely application to reopen his direct appeal in the state appellate court attacking the performance of his appellate counsel as constitutionally ineffective. (Doc. 11, at 150). Assailing appellate counsel's *Anders* brief, Petitioner argued that appellate counsel failed to contact Petitioner, as required by the Rules of Professional Conduct; erred in stating the number of rape counts for which Petitioner was indicted; and failed to notice and argue that the trial court never informed Petitioner of his right to appeal. (*Id*. at 151). Petitioner then raised the following additional "issues":

---

the case is "wholly frivolous." *Id*. at 744.

> **Issue 1**: Trial Counsel Was Ineffective For Not Informing Yohnus Of His Right To Appeal With Appointment Of Counsel and Appointed Appellate Counsel Was Deficient For Not Raising This Issue.
>
> **Issue 2**: Plea Is Void As It Was Not Made Knowingly Or Voluntarily.
>
> **Issue 3**: Sentence Is Contrary To Law And Therefore Void.
>
> **Issue 4**: Appellate Counsel Was Ineffective & Deficient For Not Communicating With Appellant.

(Doc. 11, at 152-58). On January 5, 2016, the state appellate court denied Petitioner's application for reopening due to his failure to show good cause for the untimely filing. (*Id*. at 161-64). Alternatively, they found that his claims were without merit and that his plea was knowing, voluntary, and intelligent. It does not appear that Petitioner appealed this decision to the Supreme Court of Ohio.

**Postconviction/Collateral Challenges**

Petitioner next proceeded to file a variety of collateral actions and pleadings in the state and federal courts. On March 20, 2017, he filed a pleading titled "Request for O.R.C. Release; Demand Motion in arrest of the trial court judgment; Notice of Quashed Indictment; Omnibus/Limine to strike default in the Bill of information; Due to Ineffectiveness of Counsel." (*Id*. at 166).[2]

On June 15, 2017, Petitioner filed a pleading in the trial court titled "Opportunity to Exhaust Administrative Remedy; Notice to Agents is Notice to Principle; and Notice to Principle is Notice to Agent." (*Id*. at 178). On that same day, he also filed a pleading titled "Petition by Special Appearance; Duces Tecum Proof of Certified Charges; Validity of Indictment;

[2] It appears that Petitioner also filed a copy of this pleading with the Supreme Court of the United States. (Doc. 11, at 190-91).

Confession of Judgment; Specific Negative Avertments; Petition for Termination of Prosecution; Vacate Sentence and Discharge." (*Id*. at 182).

A few months later, on August 8, 2017, Petitioner filed in the state trial court "Petition by Special Appearance; Letter of Rogatory; Request for Show Cause Hearing; Duces Tecum Proof of Certified Charges; Subpoena Clerk of Courts; Motion to Vacate Sentence and Discharge." (Doc. 11, at 198).

In October of 2017, Petitioner filed two pleadings in the trial court, to wit: "Petition by Special Appearance; Letter of Rogatory; Request for Show Cause Hearing; Duces Tecum Proof of Certified Charges; Subpoena Clerk of Courts; Petition to Vacate Sentence and Discharge Petition of Truth" (*id*. at 203); and "Deposition of the SCC" (*id*. at 205).

The following month, the State filed a "Motion to Strike and Memorandum in Response" to Petitioner's pleadings. (Doc. 11, at 212).

On January 4, 2018, the trial court issued a Decision and Entry Denying the motions filed on October 20, 2017, and granting the State's motion to strike those motions. (Doc. 11, at 216-19).

Undeterred, Petitioner on January 12, 2018, filed a "Commercial Notice: Letter of Intent to Clarify Remedy for Case No. CR2013-09-1520." (Doc. 11, at 220).

It appears that Petitioner may have attempted to remove "Petition to Vacate Sentence and "Discharge" action to the federal courts in 2020. (Doc. 11, at 224-25).

After a several-year hiatus, on February 2, 2024, Petitioner filed in the state trial court a Motion to Vacate & Dismiss Case No. 12CR1520. (*Id*. at 226). The State filed a Motion to Dismiss or in the Alternative to Deny on March 6, 2024. (*Id*. at 235). On April 30, 2024, the trial

court issued a Decision and Entry denying Petitioner's Motion to Vacate. (*Id*. at 248).

Nearly one year later, on January 8, 2025, Petitioner filed in the trial court a pleading titled "Motion for Leave Request, Therefore and Pursuant to a 'Civ. R. (59) – (A)(1), (2), (3), (4), (5), (6), (7), (8), and (9) Motion." (*Id*. at 254). He sought appointment of counsel (*id*. at 279); and expert assistance (*id*. at 281). A few weeks later, on January 17, 2025, Petitioner filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence. (*Id*. at 289). It appears that these pleadings remain pending in the state trial court.[3]

## II. FEDERAL HABEAS CORPUS

On January 23, 2025, Petitioner, proceeding *pro se*, filed the instant federal habeas corpus petition ("Petition") in the United States District Court for the Northern District of Ohio. (Doc. 1). The Petition was transferred to this Court on March 17, 2025. (Doc. 4). Petitioner raises the following grounds for relief [sic throughout]:

> **Ground One:** Bias, Prejudice Acts and/or Actions, Demonstrated, Exercised, and Executed Explicitly, By Judge
>
> Supporting facts: Judge, Noah E. Powers, committed wrongful show cause motion verbally and directly (at and towards) this Defendant, Cameron, while in court. "Improper verbal motions were commanded by this Judge directly toward this Defendant, barring his attorney from Speaking; "Moral turpitude" and misfeasance and malfeasance committed.
>
> **Ground Two:** Civ. R. (59)A (1) Through (9), Were Grossly Violated By Judge, Noah E. Powers.
>
> Supporting facts: Errors of law, were "astronomical," within therein this Butler

[3] Viewed at https://clerkservices.bcohio.gov/eservices/searchresults.page?x=dIgKAhGTsG1inJTD7VO2oDS*kTfYLXiT6ur1lP*8PIWakqVO7MkFgnuRRmYfjUedM-661bhtBve*NP1uOmjCCA under Petitioner's name. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

County, Common Pleas Court. "Clear Error;" Jurisdictional Error; Manifest Constitutional Error; Manifest Error; among other things, and pursuant to substantive errors there were so many. Please see attachments, exhibits A, B, C, D; and others … to wit, are supporting facts and factors. (Fraud), both extrinsic and intrinsic were committed by this Court/Judge as well.

**Ground Three:** Wrongful Sentencing And/Or Maximum Sentencing; Notwithstanding, First Time Alleged Offense.

Supporting facts: This was a "criminally coerced" and unlawfully enforced and forced plea deal by this presiding Judge, Noah E. Powers. There was no preponderance and/or preponderance of the evidence; citing *Lockett v. Ohio*, 438 U.S. 586, 604, 98 S.Ct. 2954, 2964-2965, 57 L.Ed.2d 973 (1978). Eighth and Fourteenth Amendments were violated. Mitigating factors were ignored.

**Ground Four:** Undue Prejudice and Prejudice Was Committed by Butler County Common Pleas Court And Judge.

Supporting facts: Evid. R. 802 hearsay rule, and Evid. R. 805, hearsay within hearsay, was used and permitted by this Judge, Noah E. Powers, with bias. This was this Judge's own "prerequisite," as he sought to circumvent due process of law, as a short-cut to his own seeking to convict this Black Defendant, Yohnus Adam Michael Cameron. Show-cause was fraudulent. Selective enforcement occurred.

**Ground Five:** Estoppel, Estoppel by agreement, Estoppel by Contract, and Estoppel by Misrepresentation Were Unlawfully and Wrongfully Committed By The Judge, Explicitly; in Bad Faith.

Supporting facts: Pursuant to these facts; (1) a bar that prevents one from asserting a claim or right … inter alia; (2) an implied showing of a mutual acceptance of certain facts or assumptions; (3) a bar that prevents a person from denying a term or performance…, inter alia; (4) when one makes a false statement that induces another person to believe something and that results in that person's reasonable and detrimental reliance on the belief.

These acts and/or actions were explicitly committed by Judge, Noah E. Powers; when he forced and enforced Defendant, Yohnus Adam Michael Cameron, to take an unwanted plea deal, regardless of Defendant's repeated request theretofore a trial by grand jury in criminal court, of common pleas court.

**Ground Six:** Convictions and Sentencing; In Bad Faith, And Wrongfully And Unlawfully Committed, Explicitly By Judge, Noah E. Powers.

Supporting facts: This Judge, Noah E. Powers, went over and above his assigned powers and authorities; to wit abusing that power and authority, while demonstrating a "God" likeness and likeminded-ness, within his official capacity and government position as a Judge, sworn to uphold justice.

This Judge is "Not God." This Judge, disregarded the United States Constitution and Bible of which he swore an oath to.

This Judge, Noah E. Powers, has demonstrated and proven himself to be unfit as a criminal court, common pleas court Judge in Butler County and/or any other County and/or state; due to his acts and/or actions committed against an innocent man and a Black man and a man whose DNA did not match the alleged victim's DNA findings.

**Ground Seven:** Chain Conspiracy, Was Committed in Bad Faith and Executed by Judge, Noah E. Powers:

Supporting facts: This Judge, Noah E. Powers, was the Kingpin; the most important person involved in an organization, esp. one that carries out illegal activities. And moreover is the one who did commit organized crime acts and/or actions, to wit involved the court appointed attorney, Neal Schuett, as he was the second most important person of and with the illegal activities committed.

And the prosecutors, Michael T. Moser and John C. Heinkel, to wit they were involved in illegal activities as well, and were the third most important persons within, therein this "chain conspiracy." [see all grounds to support, (G-7)]

All of these judicial members of the Butler County, Common Pleas Court, are "racial-activist" for the Klu Klux Klan and other racially motivated gangs, groups, and/or organizations, in and outside Butler County of Ohio. (Their conduct against this Defendant, Cameron, a Black man, confirms their racial loyalty.)

**Ground Eight:** Tort; Constitutional Tort; Government Tort; Negligent Tort; Personal Tort; and Tort-Claim act, Were Committed By Judge, Noah E. Powers and His Conspiring Parties; of (Joint Tortfeasors).

Supporting facts: Pursuant to all grounds and all attachment exhibits that shall support "Ground Eight," (Infallibly).

This involves Judge, Noah E. Powers, the "Kingpin."

This involves court appointed attorney, Neal Schuett.

This involves prosecutor, Michael T. Moser. This involves prosecutor John C.

Heinkel.

There may be more involved parties, such as the Butler County Clerk of Court and others pursuant to the Police/Detectives as well.

*(This Case No. CR-2013-09-1520 shall be the basis and the foundation of these mitigating lawsuits and "horrific lawsuits" against the state and county.)

**Ground Nine:** Failure to Conduct a Totality-of-the-Circumstances Test by this Butler County, Common Pleas Court, and Judge, and Prosecutors, and Their Butler County Police Department, Thereof Hamilton, Ohio:

Supporting facts: Please see all Grounds and all attachments and exhibits, that shall support "Ground Nine," (infallibly)

This Common Pleas Court and its prosecutors were "vigilantes;" and this court was a "rouge court" under a rogue judge.

This reckless and wanton ill-will, with (malice and bias) was manifested by these parties, of whom are racial activist. [A record of their financial support of racial organizations is within, therein, their own personal bank account records.] And photos and videos of the involvement during racial parades within Butler County and outside of Butler County is relevant to the wrongful-ness committed against Defendant Cameron.

**Ground Ten:** Probable Cause For A (Federal Bureau of Investigation's "Probe") of these Parties and Their Illegal and Corrupt Activities and Patterns of, Starting with the "Kingpin" Judge, Noah E. Powers.

Supporting facts: "God" only knows just how many Black men this Judge, Noah E. Powers, has wrongfully convicted, sentenced, and/or simply made disappear from this Butler County, of Hamilton, Ohio.

Those of whom are Black men and/or Black women that have gone missing, by the hands of this Butler County, Police Department and this Judge and his prosecutors, should now be out "Public Interest", pursuant to this Defendant-Petitioner's filed, post conviction petition, and moreover;

His filed 28 U.S.C. 2254 habeas corpus with the United States District Court of Ohio; pursuant to unconstitutional acts and/or actions, newly discovered and/or discovered and was once hidden from the public.

**Ground Eleven:** Judicial Disqualification; Pursuant to State Legal Representation by the State's Attorney General and/or Any Assistant Attorney

> Generals of this State of Ohio; as This is Relevant Against Judge, Noah E. Powers, and Conspiring Prosecutors of His Court.
>
> Supporting facts: Here within, therewithin, this Defendant-Petitioner, Yohnus Adam Michael Cameron, pro-se's' (post conviction petition) and his (habeas corpus under 28 USC 2254 petition);
>
> Are facts and findings and/or discovery of serious violations and prohibitions, and United States constitutional and Ohio constitutional prohibitions. These violations and prohibitions, are among the highest degrees of clause and reason theretofore impeachment, because they are impeachable offenses.
>
> And this honorable United States District Court, holds the "proxy" of authorized authority against corrupt judges of lower courts.

(Doc. 1, at 5-23).

**Standard of Review**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). In order to satisfy the fair presentment requirement, the claims asserted in the federal habeas petition must be based on the same facts and same legal theories that were presented to the state courts. *Carter v. Mitchell*, 693 F.3d 555, 568 (6th Cir. 2012) (citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)). Moreover, a claim is deemed fairly presented only if the petitioner presented his constitutional claims for relief to the state's highest court for consideration. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). If the petitioner fails to fairly present his constitutional claims through the

requisite levels of state appellate review to the state's highest court, or violates some other procedural rule that prevents a merit-based review of the federal claims by the state's highest court, then the petitioner may have forfeited the ability to have those claims reviewed in federal habeas corpus. *See O'Sullivan*, 526 U.S. at 847–48; *Harris v. Reed*, 489 U.S. 255, 260–62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989).

Under the procedural default doctrine that a federal habeas court may be barred from considering a claimed federal constitutional error stemming from a state court judgment if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris*, 489 U.S. at 260–62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012). Such a default may occur if the state prisoner files an untimely appeal, *id*. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167–69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is subject to procedural default:

> First, the court must determine that there is state a procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (in turn quoting *Maupin*)); *see also Johnson v. Bradshaw*, 493 F. App'x 666, 669 (6th Cir. 2012). Under *Maupin* and as discussed above, if the three prerequisites are met for finding that a claim is subject to procedural default, federal habeas corpus review is precluded unless the petitioner can demonstrate either cause for and prejudice from the procedural default or that failure to consider the defaulted claim will result in a "fundamental miscarriage of justice." *Hoffner*, 622 F.3d at 495 (citations omitted); *Johnson*, 493 F. App'x at 669. *See also Coleman*, 501 U.S. at 750; *Harris*, 489 U.S. at 262; *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

The applicable standard of review governing the adjudication of constitutional issues raised by a petitioner is set forth in 28 U.S.C. § 2254(d). Under that provision, a federal court shall not issue a writ of habeas corpus on a claim that the state courts adjudicated on the merits unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). Section 2254(d)(1) circumscribes a federal court's review of claimed legal errors, while § 2254(d)(2) places restrictions on a federal court's review of claimed factual errors.

Under § 2254(d)(1), a state court decision is "contrary to" Supreme Court precedent "when the state court confronts facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from its precedent" or "when the state court 'applies a rule that contradicts the governing law set forth in' Supreme Court cases." *Williams v. Coyle*, 260 F.3d 684, 699 (6th Cir. 2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 406–07 (2000)). A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct legal principle from the decisions of the Supreme Court but unreasonably applies that principle to the facts of the petitioner's case. *Williams*, 260 F.3d at 699. A federal habeas court may not find a state adjudication to be "unreasonable" simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. *England v. Hart*, 970 F.3d 698, 710 (6th Cir. 2020). Rather, to be deemed unreasonable, "'the state court's ruling … [must be] so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id*. (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

The Supreme Court has made clear that in assessing the merits of a constitutional claim under § 2254(d)(1), the federal habeas court must apply the Supreme Court precedents that controlled at the time of the last state court adjudication on the merits, as opposed to when the conviction became "final." *Greene v. Fisher*, 565 U.S. 34, 38 (2011); *cf. Otte v. Houk*, 654 F.3d 594, 600 (6th Cir. 2011) (citing *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003)) (in evaluating the merits of a claim addressed by the state court, the federal habeas court must look to "the governing legal principle or principles set forth by the Supreme Court at the time the state

court renders its decision"). Decisions by lower courts are relevant "to the extent [they] have already reviewed and interpreted the relevant Supreme Court case law to determine whether a legal principle or right had been clearly established by the Supreme Court." *Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)). The writ may issue only if the application of clearly established federal law is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins*, 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams*, 529 U.S. at 412).

Further, § 2254(d)(2) prohibits a federal court from granting an application for habeas relief on a claim that the state courts adjudicated on the merits unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In this regard, § 2254(e)(1) provides that the findings of fact of a state court are presumed to be correct and that a petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.

Finally, the Supreme Court has clarified that in making the § 2254(d) "reasonableness" determination, a federal court in habeas corpus must confine its review to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**Analysis**

Respondent argues in the first instance that Petitioner's claims should be dismissed as time-barred. (Doc. 12, at 450-56). Respondent further argues that Petitioner's claims should be

dismissed as unexhausted or procedurally defaulted, since none of his eleven claims was presented through one complete round of established state-court review. (*Id*. at 459-63). In so arguing, Respondent notes that several of Petitioner's claims—claims one, two, and four—have been raised in pleadings that are still pending in the state courts. (*Id*. at 459). But Petitioner "does not identify where or how he raised his fifth through eleventh grounds for relief." (*Id*.). Finally, Respondent argues that Petitioner's claims should be dismissed as non-cognizable, due to Petitioner's failure to comply with the pleading requirements set forth in Rule 2 of the Rules Governing Section 2254 Cases (*id*., at 464-65); or, as near as Respondent can decipher, are without merit despite being unexhausted (*id*. at 465-75).

Petitioner's claims are time-barred, given that more than ten years have elapsed between when the judgment against Petitioner became final and when he filed the instant habeas corpus petition. Habeas corpus petitions filed under 28 U.S.C. § 2254 must be filed within one year of the latest of the following events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2244(d)(1).

Here, Petitioner's conviction became final on direct review on or about March 16, 2015,

when the time for filing a timely direct appeal to the Supreme Court of Ohio from the appellate court's decision dismissing Petitioner's direct appeal expired. 28 U.S.C. § 2244(d)(1)(A). Additionally, only timely and properly filed collateral actions can toll the running of the statute of limitations. 28 U.S.C. § 2244(d)(2). And once the statute of limitations has fully run, no collateral actions may toll it or revive it. *See, e.g., Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted); *Sudberry v. Warden, S. Ohio Corr. Facility*, 626 F. Supp. 2d 767, 777 (S.D. Ohio 2009) (collecting cases). Even if this Court were to consider Petitioner's untimely application to reopen his direct appeal as a properly filed collateral action that tolled the running of the one-year clock, that motion was denied on January 5, 2016 and Petitioner failed to appeal that decision to the Supreme Court of Ohio. Furthermore, Petitioner then waited more than one year after the state appellate court denied his application to reopen his direct appeal before he began his frivolous motion campaign in state court, none of which tolled the clock. Thus, this petition is time-barred as Petitioner waited until January 23, 2025 to file this habeas petition.

Additionally, for the reasons set forth by the Respondent, his claims are unexhausted and/or procedurally defaulted, given his failure to pursue a single round of state-court review to completion. But because of the uncertainties wrought by Petitioner's numerous, unorthodox filings in state court, (none of which appears to have been properly filed and at least one of which appears to be pending[4]), as well as the patently meritless nature of each of Petitioner's

[4] It appears from publicly available on-line judicial records that a postconviction petition filed on January 17, 2025—one that is both successive and untimely—remains pending. Public Records search under Petitioner's name, Yohnus Cameron and Case No. CR 2013 09 1520. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188

claims, the Undersigned **RECOMMENDS** that Petitioner's claims **be DENIED as meritless.** "Even if a petitioner fails to exhaust his bases for habeas relief, AEDPA permits a court to 'elect [instead] to deny relief [for the unexhausted claims] on [the] merits.' " *Wilds v. Warden, Chillicothe Corr. Inst.*, 745 F. Supp. 3d 591, 599 (S.D. Ohio 2024) (quoting *Hanna v. Ishee*, 694 F.3d 596, 610 (6th Cir. 2012)); *see also Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 429 n.2 (6th Cir. 2006) (finding that because the statute of limitations is not a jurisdictional bar to review a court may proceed to the merits of a petition in the interests of justice) (citing *Trussell v. Bowersox*, 447 F.3d 588, 590 (8th Cir. 2006)); *see also*, *Moss v. Miniard*, 62 F.4th 1002, 1010 (6th Cir. 2023); *Smith v. Warden, Lebanon Corr. Inst.*, No. 1:18-CV-514, 2019 WL 3431416, at *5 (S.D. Ohio July 30, 2019); *see also Hudson v. Jones*, 351 F.3d 212, 215–16 (6th Cir. 2003) ("federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits.") (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)); *Fikes v. Warden*, 1:10-cv-21, 2011 WL7168647, at *26 (S.D. Ohio May 16, 2011) (same). Thus, the Undersigned will address the merits below.

**Ground One**

> **Ground One:** Bias, Prejudice Acts and/or Actions, Demonstrated, Exercised, and Executed Explicitly, By Judge
>
> Supporting facts: Judge, Noah E. Powers, committed wrongful show cause motion verbally and directly (at and towards) this Defendant, Cameron, while in court. "Improper verbal motions were commanded by this Judge directly toward this Defendant, barring his attorney from Speaking; "Moral turpitude" and misfeasance and malfeasance committed.

---

F.3d 327, 332 n.3 (6th Cir. 1999)).
https://clerkservices.bcohio.gov/eservices/searchresults.page?x=cruViFP3FcEmmutXWe9xXv1NZRJu2Jb5P1LERzVhFwvAgn8smBE40kmi-g90JttwzLJK9AjbwWdnT6DRy3EiMQ

(Doc. 1, at 5). Petitioner's claim, as Respondent notes, is somewhat difficult to decipher. But from the Petition and supporting exhibits, the Court understands Petitioner to be alleging that the trial judge exhibited bias by conspiring with the prosecution and defense counsel to coerce Petitioner to plead guilty. Petitioner accuses the trial judge of exhibiting racial and systemic discrimination, concealing exculpatory evidence, speaking directly to Petitioner despite defense counsel being present, and directing defense counsel to give Petitioner certain advice. (Doc. 1-3, at 36-37, 37-38, 39-40, 45; Doc. 1-4, at 52-54; Doc. 1-5).

Due process fundamentally requires the absence of actual bias, and even the appearance of bias, by a trial judge. *Railey v. Webb*, 540 F.3d 393, 399-400 (6th Cir. 2008) (citation omitted); *Anderson v. Sheppard*, 856 F.2d 741, 746 (6th Cir. 1988). But to state an actionable claim of judicial bias, Petitioner must point to evidence demonstrating that the trial judge had a "predisposition … so extreme as to display clear inability to render fair judgment." *Liteky v. United States*, 510 U.S. 540, 551 (1994) (citations omitted); *Lewis v. Robinson*, 67 F. App'x 914, 922 (6th Cir. 2003) (citation omitted). Petitioner's unsubstantiated allegations fail to meet this standard and are belied transcripts of his plea colloquy and sentencing.

The transcript of Petitioner's plea hearing reflects a knowing, voluntary, and intelligent plea on Petitioner's part and no evidence of bias on the trial judge's part. The trial court addressed Petitioner directly, at the outset of the hearing, at defense counsel's request, because Petitioner "has some concerns and/or comments he'd like to address with you, as he feels I was unable to answer his questions sufficiently." (Doc. 11-1, at 403). Petitioner sought clarification about the length of the sentence to be imposed, asking whether it could be shorter, given that he had two young daughters and "had a lot of tragedy going on in my life." But he also stated that

he knew what he had done was wrong, "definitely[,]" and that he was "responsible for it." (*Id*.). The trial judge explained that he could not negotiate the sentence, that Petitioner was free to plead guilty or go to trial, and that he would "look at your case the same way I look at everybody else's case." (*Id*. at 404). After the mandatory nature of the sentence was explained and Petitioner conferred with counsel, (*id*. at 404-05), Petitioner confirmed he wished to plead guilty to two counts, a thorough plea colloquy ensued, and Petitioner denied that he was threatened or coerced into pleading guilty. (*Id*. at 404-14). The trial judge then enumerated, to Petitioner's understanding, the rights that he was waiving by pleading guilty, and made no comments or took any action on the record indicating racial (or any) bias against Petitioner. (*Id*. at 414-18). In fact, the trial judge endeavored to ensure that Petitioner could elect to have a mental evaluation as part of the pre-trial investigation "[a]s part of a mitigation" and explained in detail what that would entail. (*Id*. at 421-22).

In sentencing Petitioner a month later, the trial judge gave defense counsel, Petitioner, and the victim's mother an opportunity to speak, and even gave Petitioner an opportunity to respond at length to the victim's mother's statement. (Doc. 11-2, at 425-38). The trial judge then explained and pronounced his sentence, specifically articulating why he was imposing consecutive sentences of 10 years to life in prison. (*Id*. at 438-41).

Nothing in the record before this Court demonstrates any bias on the part of the trial judge, much less the acts of bias alleged by Petitioner. And Petitioner, who bears the burden of proving that his claim is meritorious, has presented no evidence in support of his allegations or to contradict what the transcripts reflect. For these reasons, it is **RECOMMENDED** that Petitioner's first ground for relief **be DENIED** as without merit.

**Ground Two**

> **<u>Ground Two</u>:** Civ. R. (59)A (1) Through (9), Were Grossly Violated By Judge, Noah E. Powers.
>
> <u>Supporting facts</u>: Errors of law, were "astronomical," within therein this Butler County, Common Pleas Court. "Clear Error;" Jurisdictional Error; Manifest Constitutional Error; Manifest Error; among other things, and pursuant to substantive errors there were so many. Please see attachments, exhibits A, B, C, D; and others … to wit, are supporting facts and factors. (Fraud), both extrinsic and intrinsic were committed by this Court/Judge as well.

(Doc. 1, at 7). As framed by Respondent, Petitioner "appears to claim that his motion under Ohio R. Civ. P. 59 should have been granted due to 'astronomical' legal errors committed by the trial court." (Doc. 12, at 466). Respondent also indicates that, as of August 11, 2025, Petitioner's motion remained pending in the state trial court. (*Id.*).

Petitioner's Rule 59 motion, attached as an exhibit to his Petition, alleges that that an error in his indictment deprived the trial court of jurisdiction, and repeats allegations of "malfeasance" by the trial court, prosecution, and his defense counsel. (Doc. 1-3). As a preliminary matter, any allegations of bias or extrajudicial misconduct are unsubstantiated, and have been considered and rejected. More fundamentally, as Respondent correctly asserts, Petitioner's claim lacks merit both because it raises a violation of state law and because a guilty plea waives all non-jurisdictional defects.

Petitioner appears to challenge the state trial court's failure to grant his "Civ. R. 59 Motion." But that challenge fails to state a claim in habeas corpus. Ohio Civ. R. P. 59 is a state-law rule of procedure, and it is not the province of a federal court sitting in habeas review to pass judgment on a state court's determination of a state-law question. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citations omitted); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007)

Federal habeas corpus review is reserved for those alleging their custody violates the federal Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

Also fatal to Petitioner's claim is the fact that he pleaded guilty. When a criminal defendant enters a voluntary guilty plea, he waives all non-jurisdictional defects in the proceedings. By pleading guilty, Petitioner waived the right to challenge "errors of law" allegedly committed by the trial judge. "Generally, a voluntary and unconditional guilty plea bars any subsequent non-jurisdictional attack on the conviction." *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012) (internal quotation marks and citation omitted).

A defendant who pleads guilty may attack the validity of his guilty plea by showing that his guilty plea was not intelligently or voluntarily entered. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Although Petitioner suggests in other claims that his guilty plea was coerced, his allegations in Ground Two do not attack the constitutional validity of his guilty plea. Even if he had, Petitioner has produced no evidence substantiating his claim that his plea was coerced. The transcript of his guilty plea hearing reflects a knowing, intelligent, and voluntary guilty plea. The state appellate court, in denying Petitioner's untimely application to reopen his direct appeal, agreed, noting that "the transcript as a whole indicates the plea was knowing, voluntary, and intelligent." (Doc. 11, at 164). Finally, Petitioner's conclusory claims that the trial judge lacked jurisdiction does not amount to the type of "jurisdictional defect" that may be raised despite the entry of valid guilty plea. Petitioner does not explain, and it is not otherwise apparent to the Court based on the record in this proceeding and other publicly available on-line judicial records, what was defective about his indictment or how the trial court otherwise lacked jurisdiction.

It is thus **RECOMMENDED** that Petitioner's second ground for relief **be DENIED** as

without merit.

**Ground Three**

> **Ground Three:** Wrongful Sentencing And/Or Maximum Sentencing; Notwithstanding, First Time Alleged Offense.
>
> Supporting facts: This was a "criminally coerced" and unlawfully enforced and forced plea deal by this presiding Judge, Noah E. Powers. There was no preponderance and/or preponderance of the evidence; citing Lockett v. Ohio, 438 U.S. 586, 604, 98 S.Ct. 2954, 2964-2965, 57 L.Ed.2d 973 (1978). Eighth and Fourteenth Amendments were violated. Mitigating factors were ignored.

(Doc. 1, at 8). Here, Petitioner not only challenges the imposition of maximum sentences, despite the fact that this was his first serious offense, but also alleges that his plea was "criminally coerced" by the trial court and that there was no "preponderance of the evidence."

Respondent primarily argues that Petitioner's claim is procedurally defaulted, since Petitioner raised a challenge to his sentence on direct appeal to the Ohio Court of Appeals but then failed to appeal the appellate court's decision denying the claim to the Supreme Court of Ohio. (Doc. 12, at 469). Respondent adds that when Petitioner argued in his untimely application to reopen his direct appeal that his appellate counsel was ineffective for failing to challenge the voluntariness of his plea and the imposition of maximum sentences, the state appellate court held that Petitioner's plea was knowing, intelligent, and voluntary, and that his sentence was not contrary to law. (*Id.*). Respondent further notes that Petitioner did not appeal that decision. Finally, Respondent argues that Petitioner's claim is meritless. (*Id.* at 470). The Undersigned concludes that Petitioner's claim lacks any legal or factual support.

First, the Undersigned has considered and rejected Petitioner's argument that his plea was not knowingly, voluntarily, and intelligently entered. More importantly, as Respondent notes, although the state appellate court enforced a procedural bar in denying Petitioner's untimely

application to reopen his appeal, the court also held that Petitioner's plea was knowing, voluntary, and intelligent. (Doc. 11, at 164). The state appellate court also determined that Petitioner's sentence was not contrary to law. (*Id.*). Petitioner bears the burden of proving that the state court's decision on these issues was contrary to or involved an unreasonable application of clearly established federal law. *Cullen v. Pinholster*, 563 U.S. at 181. He makes no such arguments. That being so, it is **RECOMMENDED** that Petitioner's third ground for relief **be DENIED** as meritless.

**Ground Four**

> **Ground Four:** Undue Prejudice and Prejudice Was Committed by Butler County Common Pleas Court And Judge.
>
> Supporting facts: Evid. R. 802 hearsay rule, and Evid. R. 805, hearsay within hearsay, was used and permitted by this Judge, Noah E. Powers, with bias. This was this Judge's own "prerequisite," as he sought to circumvent due process of law, as a short-cut to his own seeking to convict this Black Defendant, Yohnus Adam Michael Cameron. Show-cause was fraudulent. Selective enforcement occurred.

(Doc. 1, at 10). In his fourth ground for relief, Petitioner reiterates his allegation that the trial judge was biased, and he adds a suggestion that the trial judge was motivated to hasten Petitioner's conviction because of Petitioner's race. Petitioner also challenges the trial judge's application of state evidentiary rules governing hearsay. Finally, he includes unarticulated claims alleging "selective enforcement" and that due process was circumvented.

Respondent argues first that this claim is procedurally defaulted because it does not appear that Petitioner raised it in any state court. (Doc. 12, at 470). Respondent also argues that because Petitioner entered a guilty plea, there was no trial at which hearsay testimony could have been admitted. Moreover, Respondent continues, errors in the admission of hearsay generally are

not cognizable in habeas corpus. The Court agrees with Respondent that Petitioner's claim is without merit.

First, the Undersigned reiterates that Petitioner's guilty plea waived any non-jurisdictional defects. Similarly, the Court has considered and rejected Petitioner's claims alleging judicial bias. Finally, as Respondent correctly notes, even assuming Petitioner offers a cogent claim alleging the admission of hearsay testimony (not barred by his guilty plea), errors of state law—including the improper admission of evidence—generally do not support a writ of habeas corpus. *See Estelle*, 502 U.S. 62; *Giles v. Schotten*, 449 F.3d 698, 704 (6th Cir. 2006). The only way to prevail on a claim alleging an evidentiary error is to show that the error was "so egregious that it resulted in a denial of fundamental fairness." *Giles*, 449 F.3d at 704 (citing *Baze v. Parker*, 371 F.3d 310, 324 (6th Cir. 2004)). Petitioner makes no such showing here. Accordingly, it is **RECOMMENDED** that Petitioner's fourth ground for relief **be DENIED** as without merit.

**Ground Five**

> **Ground Five:** Estoppel, Estoppel by agreement, Estoppel by Contract, and Estoppel by Misrepresentation Were Unlawfully and Wrongfully Committed By The Judge, Explicitly; in Bad Faith.
>
> Supporting facts: Pursuant to these facts; (1) a bar that prevents one from asserting a claim or right … inter alia; (2) an implied showing of a mutual acceptance of certain facts or assumptions; (3) a bar that prevents a person from denying a term or performance…, inter alia; (4) when one makes a false statement that induces another person to believe something and that results in that person's reasonable and detrimental reliance on the belief.
>
> These acts and/or actions were explicitly committed by Judge, Noah E. Powers; when he forced and enforced Defendant, Yohnus Adam Michael Cameron, to take an unwanted plea deal, regardless of Defendant's repeated request theretofore a trial by grand jury in criminal court, of common pleas court.

(Doc. 1, at 16). Although Petitioner's references to estoppel and bars are unintelligible, at base, his fifth claim for relief rehashes his allegation that the trial judge forced Petitioner to plead guilty despite Petitioner's repeated requests to go to trial. Respondent argues that Petitioner's claim is without merit, due to Petitioner's failure to demonstrate as unreasonable the state appellate court's decision finding his guilty plea to be knowing, voluntary, and intelligent. (Doc. 12, at 471). The Undersigned agrees.

The Undersigned has considered and rejected Petitioner's argument that his plea was not knowingly, voluntarily, and intelligently entered. The state appellate court, in denying Petitioner's untimely application to reopen his appeal, held that Petitioner's plea was knowing, voluntary, and intelligent. (Doc. 11, at 164). Petitioner has not shown that the appellate court's decision contravened or unreasonably applied clearly established federal law. *Cullen*, 563 U.S. at 181. That being so, it is **RECOMMENDED** that Petitioner's fifth ground for relief **be DENIED** as meritless.

## Ground Six

> **Ground Six:** Convictions and Sentencing; In Bad Faith, And Wrongfully And Unlawfully Committed, Explicitly By Judge, Noah E. Powers.
>
> Supporting facts: This Judge, Noah E. Powers, went over and above his assigned powers and authorities; to wit abusing that power and authority, while demonstrating a "God" likeness and likeminded-ness, within his official capacity and government position as a Judge, sworn to uphold justice.
>
> This Judge is "Not God." This Judge, disregarded the United States Constitution and Bible of which he swore an oath to.
>
> This Judge, Noah E. Powers, has demonstrated and proven himself to be unfit as a criminal court, common pleas court Judge in Butler County and/or any other County and/or state; due to his acts and/or actions committed against an innocent man and a Black man and a man whose DNA did not match the alleged victim's DNA findings.

(Doc. 1, at 17). Here, Petitioner appears to argue that the trial judge exceeded or abused his authority in presiding over both Petitioner's guilty plea and sentencing and others' cases. He also appears to assert that he is actually innocent. Respondent asserts that this claim is not cognizable and is arguably untimely, and that any suggestion by Petitioner that is innocent is belied by the record. (Doc. 12, at 472). The Undersigned concludes that this claim cannot support habeas corpus relief.

As noted throughout this report and recommendation, Petitioner has not shown that his plea was not knowingly, voluntarily, and intelligently entered. The state appellate court, in denying Petitioner's untimely application to reopen his appeal, held that Petitioner's plea was knowing, voluntary, and intelligent. (Doc. 11, at 164). Petitioner has not shown that the appellate court's decision contravened or unreasonably applied clearly established federal law. *Cullen*, 563 U.S. at 181. A knowing, voluntary, and intelligent guilty plea waives all non-jurisdictional defects and thus forecloses any claim of innocence. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001); *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991). Finally, Petitioner's unarticulated suggestion that the trial court exceeded its authority does not state an actionable "jurisdictional" defect capable of supporting habeas relief. That being so, it is **RECOMMENDED** that Petitioner's sixth ground for relief **be DENIED** as wholly without merit.

## Grounds Seven - Eleven

> **Ground Seven:** Chain Conspiracy, Was Committed in Bad Faith and Executed by Judge, Noah E. Powers:
>
> Supporting facts: This Judge, Noah E. Powers, was the Kingpin; the most important person involved in an organization, esp. one that carries out illegal

activities. And moreover is the one who did commit organized crime acts and/or actions, to wit involved the court appointed attorney, Neal Schuett, as he was the second most important person of and with the illegal activities committed.

And the prosecutors, Michael T. Moser and John C. Heinkel, to wit they were involved in illegal activities as well, and were the third most important persons within, therein this "chain conspiracy." [see all grounds to support, (G-7)]

All of these judicial members of the Butler County, Common Pleas Court, are "racial-activist" for the Klu Klux Klan and other racially motivated gangs, groups, and/or organizations, in and outside Butler County of Ohio. (Their conduct against this Defendant, Cameron, a Black man, confirms their racial loyalty.)

**Ground Eight:** Tort; Constitutional Tort; Government Tort; Negligent Tort; Personal Tort; and Tort-Claim act, Were Committed By Judge, Noah E. Powers and His Conspiring Parties; of (Joint Tortfeasors).

Supporting facts: Pursuant to all grounds and all attachment exhibits that shall support "Ground Eight," (Infallibly).

This involves Judge, Noah E. Powers, the "Kingpin."

This involves court appointed attorney, Neal Schuett.

This involves prosecutor, Michael T. Moser. This involves prosecutor John C. Heinkel.

There may be more involved parties, such as the Butler County Clerk of Court and others pursuant tot the Police/Detectives as well.

*This Case No. CR-2013-09-1520 shall be the basis and the foundation of these mitigating lawsuits and "horrific lawsuits" against the state and county.

**Ground Nine:** Failure to Conduct a Totality-of-the-Circumstances Test by this Butler County, Common Pleas Court, and Judge, and Prosecutors, and Their Butler County Police Department, Thereof Hamilton, Ohio:

Supporting facts: Please see all Grounds and all attachments and exhibits, that shall support "Ground Nine," (infallibly)

This Common Pleas Court and its prosecutors were "vigilantes;" and this court was a "rouge court" under a rouge judge.

This reckless and wanton ill-will, with (malice and bias) was manifested by these

parties, of whom are racial activist. [A record of their financial support of racial organizations is within, therein, their own personal bank account records.] And photos and videos of the involvement during racial parades within Butler County and outside of Butler County is relevant to the wrongful-ness committed against Defendant Cameron.

**Ground Ten:** Probable Cause For A (Federal Bureau of Investigation's "Probe") of these Parties and Their Illegal and Corrupt Activities and Patterns of, Starting with the "Kingpin" Judge, Noah E. Powers.

Supporting facts: "God" only knows just how many Black men this Judge, Noah E. Powers, has wrongfully convicted, sentenced, and/or simply made disappear from this Butler County, of Hamilton, Ohio.

Those of whom are Black men and/or Black women that have gone missing, by the hands of this Butler County, Police Department and this Judge and his prosecutors, should now be out "Public Interest", pursuant to this Defendant-Petitioner's filed, post conviction petition, and moreover;

His filed 28 U.S.C. 2254 habeas corpus with the United States District Court of Ohio; pursuant to unconstitutional acts and/or actions, newly discovered and/or discovered and was once hidden from the public.

**Ground Eleven:** Judicial Disqualification; Pursuant to State Legal Representation by the State's Attorney General and/or Any Assistant Attorney Generals of this State of Ohio; as This is Relevant Against Judge, Noah E. Powers, and Conspiring Prosecutors of His Court.

Supporting facts: Here within, therewithin, this Defendant-Petitioner, Yohnus Adam Michael Cameron, pro-se's' (post conviction petition) and his (habeas corpus under 28 USC 2254 petition);

Are facts and findings and/or discovery of serious violations and prohibitions, and United States constitutional and Ohio constitutional prohibitions. These violations and prohibitions, are among the highest degrees of clause and reason theretofore impeachment, because they are impeachable offenses.

And this honorable United States District Court, holds the "proxy" of authorized authority against corrupt judges of lower courts.

(Doc. 1, at 18-26).

The Undersigned addresses Petitioner's seventh through eleventh grounds together, as

Respondent did. (Doc. 12, at 472-74). In these claims, Petitioner appears to allege that the trial judge, Petitioner's court-appointed attorney, and the prosecutors engaged in a racially motivated conspiracy against Petitioner and perhaps other criminal defendants. In addition to questioning whether these allegations were properly presented to the state courts, Respondent primarily argues that these claims are not cognizable in habeas corpus and suggests that Petitioner appears to be using "his federal habeas petition to pursue a civil rights action against various state actors." (Doc. 12, at 474). The Undersigned agrees.

Once again, as noted above, by pleading guilty, Petitioner waived the right to challenge all non-jurisdictional defects. Second, Petitioner's conclusory allegations of judicial bias or a defective indictment fail to state an actionable claim in habeas corpus. It is thus **RECOMMENDED** that Petitioner's seventh through eleventh grounds for relief **be DENIED** as meritless.

## III. CONCLUSION

For the foregoing reasons, the Undersigned concludes that Petitioner's claims should be **DENIED** and this Petition **DISMISSED with prejudice.**

**IT IS THEREFORE RECOMMENDED:**

1. The Petitioner's claims be **DENIED** and the Petition be **DISMISSED with prejudice**.

2. A certificate of appealability be **DENIED**. *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3. The Court **certify** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and therefore

**DENY** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, of the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: August 20, 2026

*s/Stephanie K. Bowman*
STEPHANIE K. BOWMAN
Chief United States Magistrate Judge